IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CV-640-D

CARLOS ATKINSON, )
)
　　　　Plaintiff, )
)
v. ) **ORDER**
)
NATIONAL CREDIT SYSTEMS INC., et al., )
)
　　　　Defendants. )

On November 6, 2023, Carlos Atkinson ("Atkinson" or "plaintiff"), proceeding pro se, submitted a complaint against National Credit Systems Inc. ("National") alleging (1) violations of the Fair Debt and Collection Practices Act, (2) violations of the Fair Credit Reporting Act, (3) communication in connection with debt collection, (4) willful non-compliance, (5) negligent non-compliance, (6) responsibilities "of furnishers of information" to consumer reporting agencies, (7) harassment and abuse, (8) false and misleading representation, (9) unfair and deceptive trade practices, (10) validation of debt, and (11) furnishing certain deceptive forms and moved to proceed in forma pauperis under 28 U.S.C. § 1915. [D.E. 1] 1–2, see [D.E. 2]. On November 13, 2023, pursuant to 28 U.S.C. § 636(b)(1), the court referred the case to Magistrate Judge Robert B. Jones, Jr. for a Memorandum and Recommendation ("M&R") and for a frivolity review [D.E. 6]. On December 19, 2023, Judge Jones granted the motion to proceed in forma pauperis and issued an M&R recommending that the court allow Atkinson's complaint to proceed. See [D.E. 8] 1. On January 22, 2024, this court adopted the M&R, granted Atkinson's motion to proceed in forma

pauperis, and granted Atkinson's motion to amend his complaint to add Penn Rose Management Co ("Penn") (collectively with National, "defendants") as a defendant.

On February 21, 2024, National moved to dismiss the complaint for failure to state a claim [D.E. 15] and attached a memorandum in support [D.E. 15-1]. See Fed. R. Civ. P. 12(b)(6). On February 22, 2024, Atkinson responded in opposition and asked for leave to amend his complaint or permission to proceed. See [D.E. 19] 1. National did not reply. As explained below, the court grants Atkinson's motion to amend his complaint and dismisses as moot National's motion to dismiss.

"[A] party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." Id.

The standard used to evaluate the sufficiency of a pleading is flexible, "and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). Erickson, however, does not "undermine [the] requirement that a pleading contain 'more than labels and conclusions.'" Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)); see Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255–56 (4th Cir. 2009); Francis v. Giacomelli, 588 F.3d 186, 192–93 (4th Cir. 2009). In interpreting a pro se complaint the court's task is not to discern the plaintiff's unexpressed intent, but what the words in the complaint mean. See Laber v. Harvey, 438 F.3d 404, 413 n.3 (4th Cir. 2006) (en banc)

(holding that a "liberal interpretation" of a complaint does not warrant a "complete rewriting"); Brock v. Carroll, 107 F.3d 241, 243 n.3 (4th Cir. 1997).

Atkinson filed his complaint with no enumerated facts and a mix of emails, letters, applications, and documents without any context. See [D.E. 1, 5]. Atkinson's allegations fail to give the court or "[any] defendant fair notice of what the . . . claim[s] [are] and the grounds upon which [they] rest[]." Twombly, 550 U.S. at 555 (quotation omitted); see Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002). Atkinson shall file an amended complaint describing: (1) his legal claims, (2) specific names for each defendant responsible for any alleged violation of law, (3) the injury stemming from each defendant's actions or inactions, and (4) the alleged facts to support each claim. The court notifies Atkinson that his amended complaint will be considered his complaint in its entirety. Atkinson shall sign and file his amended complaint in this action on or before April 12, 2024. This directive is not an invitation to make new claims. Atkinson's amended complaint is subject to further frivolity review. If Atkinson fails to amend his complaint by April 12, 2024, the court will dismiss with prejudice Atkinson's complaint against National.

In sum, the court GRANTS plaintiff's motion for leave to amend his complaint [D.E. 19] and DISMISSES AS MOOT defendant's motion to dismiss [D.E. 15].

SO ORDERED. This 27 day of March, 2024.

JAMES C. DEVER III
United States District Judge

3

Case 5:23-cv-00640-D-RJ   Document 23   Filed 03/27/24   Page 3 of 3