IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CV-640-D

| | |
|---|---|
| CARLOS ATKINSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| NATIONAL CREDIT SYSTEMS INC., et al., | ) |
| | ) |
| Defendants. | ) |

On November 6, 2023, Carlos Atkinson ("Atkinson" or "plaintiff"), proceeding pro se, submitted a complaint against National Credit Systems Inc. ("National") and moved to proceed in forma pauperis under 28 U.S.C. § 1915 [D.E. 1, 2]. On November 13, 2023, pursuant to 28 U.S.C. § 636(b)(1), the court referred the case to Magistrate Judge Robert B. Jones, Jr. for a Memorandum and Recommendation ("M&R") and for a frivolity review [D.E. 6]. On December 19, 2023, Judge Jones issued an M&R recommending that the court grant Atkinson's motion to proceed in forma pauperis and allow Atkinson's complaint to proceed. See [D.E. 8] 1. On January 22, 2024, this court adopted the M&R, granted Atkinson's motion to proceed in forma pauperis, and granted Atkinson's motion to amend his complaint to add Penn Rose Management Co. ("Penn") (collectively with National, "defendants") as a defendant [D.E. 10].

On February 21, 2024, National moved to dismiss the complaint for failure to state a claim [D.E. 15] and attached a memorandum in support [D.E. 15-1]. See Fed. R. Civ. P. 12(b)(6). On February 22, 2024, Atkinson responded in opposition and asked for leave to amend his complaint. See [D.E. 19] 1. On March 27, 2024, the court granted Atkinson's motion to amend his complaint and dismissed as moot National's motion to dismiss [D.E. 23].

On March 29, 2024, Atkinson amended his complaint [D.E. 24]. He now alleges (1) violations of his consumer rights under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, et seq.; (2) defamation; (3) unfair and deceptive trade practices under North Carolina's Unfair and Deceptive Trade Practice Act ("UDTPA"); (4) unfair practices under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, et seq.; (5) willful noncompliance; and (6) negligent noncompliance. On April 12, 2024, Penn moved to dismiss [D.E. 27] and filed a memorandum in support [D.E. 28]. See Fed. R. Civ. P. 12(b)(2), (6). The same day, National moved to dismiss [D.E. 30] and filed a memorandum in support [D.E. 31]. See Fed. R. Civ. P. 12(b)(6). On April 15, 2024, the court notified Atkinson of the motion to dismiss, the consequences of failing to respond, and the response deadline [D.E. 32]. See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam). On May 3, 2024, Atkinson responded in opposition [D.E. 33]. On May 9, 2024, National replied [D.E. 34]. Penn did not reply.

As explained below, the court grants defendant Penn's motion to dismiss for lack of personal jurisdiction and dismisses without prejudice Atkinson's claims against Penn. The court grants in part National's motion to dismiss, dismisses Atkinson's federal claims against National, and declines to exercise supplemental jurisdiction over Atkinson's state law claims against National.

I.

Penn hired National, a third-party debt collector, on behalf of the Residence at Hayes apartment community. See Am. Compl. [D.E. 24] 2. National contacted Atkinson by phone "multiple" times to collect on a non-existent consumer debt to Residence at Hayes. Id. When Atkinson did not pay the alleged debt, National placed "false information" on Atkinson's credit report for three years. Id. As a result of this false reporting, Atkinson suffered a divorce, financial

2

loss, medical expenses for therapy, depression, anxiety, an inability to secure additional credit, and homelessness. See id. at 2–3. He seeks damages of $50,000,000. See id. at 3.

II.

Penn moves to dismiss Atkinson's claims for lack of personal jurisdiction. See [D.E. 27]; [D.E. 28] 7–11; Fed. R. Civ. P. 12(b)(2). The court does not have personal jurisdiction over a nonresident defendant unless jurisdiction comports with North Carolina's long-arm statute and the Fourteenth Amendment's Due Process Clause. See, e.g., Mitrano v. Hawes, 377 F.3d 402, 406 (4th Cir. 2004). North Carolina's long-arm statute extends personal jurisdiction over nonresident defendants consistent with the Fourteenth Amendment's Due Process Clause. See Christian Sci. Bd. of Dirs. v. Nolan, 259 F.3d 209, 215 (4th Cir. 2001). Thus, the statutory inquiry merges with the constitutional inquiry. See id.; Atl. Corp. of Wilmington, Inc. v. TBG Tech Co., 565 F. Supp. 3d 748, 759 (E.D.N.C. 2021).

Due process requires a defendant to have "certain minimum contacts with the forum such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Helicopteros Nacionales de Colom., S.A. v. Hall, 466 U.S. 408, 414 (1984) (alteration and quotations omitted). The minimum contacts analysis considers "the relationship among the defendant, the forum, and the litigation." Walden v. Fiore, 571 U.S. 277, 284 (2014) (quotation omitted); see Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct., 592 U.S. 351, 358–60 (2021); Bristol-Myers Squibb Co. v. Super. Ct., 582 U.S. 255, 264 (2017). This analysis ensures that a defendant is not haled into a court's jurisdiction "solely as a result of random, fortuitous, or attenuated contacts." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985) (quotations omitted); see Ford Motor Co., 592 U.S. at 359.

3

The minimum contacts analysis focuses on whether a defendant "purposefully directed his activities at residents of the forum" and whether the causes of action arise out of or relate to those activities. Burger King, 471 U.S. at 472; see Ford Motor Co., 592 U.S. at 359; Bristol-Myers Squibb, 582 U.S. at 262; ALS Scan, Inc. v. Dig. Serv. Consultants, Inc., 293 F.3d 707, 712 (4th Cir. 2002); Atl. Corp., 565 F. Supp. 3d at 760. If a defendant's contacts with the state are the basis for the suit, specific jurisdiction may exist. See ALS Scan, 293 F.3d at 712. In determining specific jurisdiction, the court considers: "(1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the State; (2) whether the plaintiffs' claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable." Id. (alteration and quotations omitted). Thus, the "constitutional touchstone" of specific personal jurisdiction "remains whether the defendant purposefully established minimum contacts in the forum State." Burger King, 471 U.S. at 474 (quotation omitted); see Bristol-Myers Squibb, 582 U.S. at 264–66; Walden, 571 U.S. at 284–91.

First, in analyzing the extent to which a defendant purposefully availed itself of the privilege of conducting activities within a State, a court examines "various non-exclusive factors" including:

> (1) whether the defendant maintained offices or agents in the State; (2) whether the defendant maintained property in the State; (3) whether the defendant reached into the State to solicit or initiate business; (4) whether the defendant deliberately engaged in significant or long-term business activities in the State; (5) whether a choice of law clause selects the law of the State; (6) whether the defendant made in-person contact with a resident of the State regarding the business relationship; (7) whether the relevant contracts required performance of duties in the State; and (8) the nature, quality, and extent of the parties' communications about the business being transacted.

4

UMG Recordings, Inc. v. Kurbanov, 963 F.3d 344, 352 (4th Cir. 2020) (quotation omitted); see Consulting Eng'rs Corp. v. Geometric Ltd., 561 F.3d 273, 278 (4th Cir. 2009); Atl. Corp., 565 F. Supp. 3d at 760.

Second, the plaintiff's claims must have arisen out of or relate to those activities that the defendant directed at the State. See Ford Motor Co., 592 U.S. at 361–71; UMG Recordings, 963 F.3d at 354–55; Atl. Corp., 565 F. Supp. 3d at 760.

Third, the court must analyze whether the exercise of personal jurisdiction is constitutionally reasonable. See Ford Motor Co., 592 U.S. at 368; Bristol-Myers Squibb, 582 U.S. at 262–65; Burger King, 471 U.S. at 476–78; World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 292 (1980); Consulting Eng'rs, 561 F.3d at 279; Atl. Corp., 565 F. Supp. 3d at 760–61. This analysis "permits a court to consider additional factors to ensure the appropriateness of the forum once it has determined that a defendant has purposefully availed itself of the privilege of doing business there." Consulting Eng'rs, 561 F.3d at 279. Such factors include:

> (1) the burden on the defendant of litigating in the forum; (2) the interest of the forum state in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the shared interest of the states in obtaining efficient resolution of disputes; and (5) the interests of the states in furthering substantive social policies.

Id.

Atkinson does not plausibly allege that Penn has any principal place of business in North Carolina or is incorporated in North Carolina. Moreover, Atkinson does not plausibly allege that Penn has any contacts with North Carolina. In fact, Atkinson does not plausibly allege any actions, including the phone calls between Atkinson and National, took place in North Carolina. See, e.g., Small Bus. Fin. Sols., LLC v. Corp. Client Servs., LLC, Civ. No. 21-811, 2023 WL 1995414, at *5 (D. Md. Feb. 13, 2023) (unpublished). Accordingly, the court lacks personal jurisdiction over

5

Case 5:23-cv-00640-D-RJ Document 37 Filed 06/05/24 Page 5 of 12

Penn, dismisses Penn from this action, and dismisses without prejudice Atkinson's claims against Penn.

III.

A motion to dismiss under Rule 12(b)(6) tests the complaint's legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–80 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 554–63 (2007); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008). To withstand a Rule 12(b)(6) motion, a pleading "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678 (quotation omitted); see Twombly, 550 U.S. at 570; Giarratano, 521 F.3d at 302. In considering the motion, the court must construe the facts and reasonable inferences "in the light most favorable to [the nonmoving party]." Massey v. Ojaniit, 759 F.3d 343, 352 (4th Cir. 2014) (quotation omitted); see Clatterbuck v. City of Charlottesville, 708 F.3d 549, 557 (4th Cir. 2013), abrogated on other grounds by Reed v. Town of Gilbert, 576 U.S. 155 (2015). A court need not accept as true a complaint's legal conclusions, "unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 678–79. Rather, a plaintiff's factual allegations must "nudge[] [his] claims," Twombly, 550 U.S. at 570, beyond the realm of "mere possibility" into "plausibility." Iqbal, 556 U.S. at 678–79.

"Determining whether a complaint states a plausible claim for relief . . . [is] a context specific task that requires the reviewing court to draw on judicial experience and common sense." Iqbal, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint does not suffice. Id.

When evaluating a motion to dismiss, a court considers the pleadings and any materials

6

"attached or incorporated into the complaint." E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc., 637 F.3d 435, 448 (4th Cir. 2011); see Fed. R. Civ. P. 10(c); Goines v. Valley Cmty. Servs. Bd., 822 F.3d 159, 165–66 (4th Cir. 2016); Thompson v. Greene, 427 F.3d 263, 268 (4th Cir. 2005). A court also may consider a document submitted by a moving party if it is "integral to the complaint and there is no dispute about the document's authenticity" without converting the motion into one for summary judgment. Goines, 822 F.3d at 166. "[I]n the event of conflict between the bare allegations of the complaint and any exhibit attached . . . , the exhibit prevails." Id. (quotation omitted); see Fayetteville Invs. v. Com. Builders, Inc., 936 F.2d 1462, 1465 (4th Cir. 1991). Additionally, a court may take judicial notice of public records. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rts., Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

The standard used to evaluate the sufficiency of a pleading is flexible, "and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). Erickson, however, does not "undermine [the] requirement that a pleading contain 'more than labels and conclusions.'" Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Twombly, 550 U.S. at 555); see Iqbal, 556 U.S. at 678–79; Coleman, 626 F.3d at 190; Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255–56 (4th Cir. 2009); Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009).

A.

Atkinson alleges that National "collect[ed] an alleged consumer debt that [he] did not owe" and "furnished false information to [his] [c]redit [r]eport." Am. Compl. 2. The court construes Atkinson's allegations as violations of 15 U.S.C. § 1681s-2(a) of the FCRA. No private right of

7

action, however, exists under 15 U.S.C. § 1681s-2(a). See, e.g., 15 U.S.C. § 1681s-2(c)(1), (d); Saunders v. Branch Banking & Tr. Co. of Va., 526 F.3d 142, 149 (4th Cir. 2008); McDaniel v. Credit Mgmt. LP, No. 5:23-CV-408, 2024 WL 84704, at *4 (E.D.N.C. Jan. 8, 2024), aff'd, No. 24-1098, 2024 WL 2558920 (4th Cir. May 24, 2024) (per curiam) (unpublished); Weber v. Specialized Loan Servicing, LLC, 627 F. Supp. 3d 538, 545 (E.D.N.C. 2022). Accordingly, the court dismisses Atkinson's FCRA claim.

B.

Atkinson alleges National engaged in willful noncompliance and negligent noncompliance. See Am. Compl. 2. Under 15 U.S.C. § 1681h(e):

> [N]o consumer may bring any action [for] . . . negligence with respect to the reporting of information against any consumer reporting agency . . . or any person who furnishes information to a consumer reporting agency, based on information disclosed pursuant to section 1681g, 1681h, or 1681m of this title, or based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action, based in whole or in part on the report except as to false information furnished with malice or willful intent to injure such consumer.

15 U.S.C. § 1681h(e). Section 1681h(e) requires a "two-step inquiry." Ross v. Fed. Deposit Ins. Corp., 625 F.3d 808, 814 (4th Cir. 2010). A court first asks "whether the claim falls within the scope of § 1681h(e)" and second asks "whether the 'malice or willful intent to injure' exception to the general bar against state law actions applies." Id. At the first step, the preemption provision applies when a consumer has sued "any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency, based on information disclosed pursuant to section 1681g, 1681h, or 1681m of this title, or based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action." Rogers v. Keffer, Inc., 243 F. Supp. 3d 650, 658–59 (E.D.N.C. 2017) (quotation omitted).

8

Section 1681h(e) preempts Atkinson's claims against National for negligence because the claims arise out of Atkinson's allegations of an FCRA violation. See id. Furthermore, Atkinson fails to plausibly allege acts or omissions that constitute malicious or willful violations. See 15 U.S.C. § 1681h(e); Am. Compl. 2. Accordingly, the court dismisses Atkinson's willful noncompliance and negligent noncompliance claims.

C.

Atkinson alleges National engaged in "unfair practices." See Am. Compl. 2. The court construes this as a FDCPA claim. To bring an FDCPA claim, Atkinson must plausibly allege that (1) he was the object of collection activity arising from a "consumer debt" as defined by the FDCPA, (2) the defendant is a "debt collector" as defined by the FDCPA, and (3) the defendant engaged in an act or omission that the FDCPA prohibits. Boosahda v. Providence Dane LLC, 462 F. App'x 331, 333 n.3 (4th Cir. 2012) (per curiam) (unpublished); see Fonvielle v. Specialized Loan Servicing, LLC, No. 7:23-CV-1300, 2024 WL 1099943, at *2 (E.D.N.C. Mar. 13, 2024) (unpublished); Rogers, 243 F. Supp. 3d at 664; Hardin v. Bank of Am., N.A., No. 7:16-CV-75, 2017 WL 44709, at *4 (E.D.N.C. Jan. 3, 2017) (unpublished); Campbell v. Wells Fargo Bank, N.A., 73 F. Supp. 3d 644, 648 (E.D.N.C. 2014).

A "debt" under the FDCPA is "any obligation or alleged obligation of a consumer to pay money." 15 U.S.C. § 1692a(5). The FDCPA "defines a debt collector as (1) a person whose principal purpose is to collect debts; (2) a person who regularly collects debts owed to another; or (3) a person who collects its own debts, using a name other than its own as if it were a debt collector." Henson v. Santander Consumer USA, Inc., 817 F.3d 131, 136 (4th Cir. 2016) (emphasis omitted); see Fonvielle, 2024 WL 1099943, at *2.

9

Atkinson fails to plausibly allege that National is a debt collector or engaged in an act or omission prohibited by the FDCPA. See Am. Compl. 2. Accordingly, the court dismisses Atkinson's FDCPA claim against National.

D.

Atkinson alleges National "defam[ed] [his] character" by "furnish[ing] false information to" his credit report and engaged in "unfair practices." See Am. Compl. 2–3. The court construes these allegations as North Carolina defamation and UDTPA claims. This court has jurisdiction under 28 U.S.C. § 1331 over counts one, four, five, and six. This court has supplemental jurisdiction under 28 U.S.C. § 1367 over counts two and three because they arose from the same nucleus of operative facts.

A court may decline to exercise supplemental jurisdiction over a state-law claim when (1) "the claim raises a novel or complex issue of State law"; (2) "the claim substantially predominates over" the federal claim or claims; (3) the court has "dismissed all claims over which it has original jurisdiction"; or (4) other "exceptional circumstances" present "compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c)(1)–(4). Additionally, a court may decline to exercise supplemental jurisdiction when "values of economy, convenience, fairness, and comity" make retaining jurisdiction inappropriate. Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 351 (1988), superseded on other grounds by 28 U.S.C. § 1447(c); Hinson v. Norwest Fin. S.C., Inc., 239 F.3d 611, 616–17 (4th Cir. 2001); Shanaghan v. Cahill, 58 F.3d 106, 109–10 (4th Cir. 1995).

The court dismisses counts one, four, five, and six. Eliminating all federal claims before trial generally suffices to decline supplemental jurisdiction over pendent state-law claims. "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness,

10

and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." Carnegie-Mellon, 484 U.S. at 350 n.7; see Shanaghan, 58 F.3d at 110; see also Walsh v. Mitchell, 427 F. App'x 282, 283 (4th Cir. 2011) (per curiam) (unpublished); Root v. Cnty. of Fairfax, 371 F. App'x 432, 435 (4th Cir. 2010) (per curiam) (unpublished). Thus, the court declines to exercise jurisdiction over Atkinson's state-law claims and dismisses without prejudice those claims. See Carnegie-Mellon, 484 U.S. at 350 n.7.[1]

IV.

In sum, the court GRANTS defendant Penn's motion to dismiss [D.E. 27], DISMISSES WITHOUT PREJUDICE plaintiff's claims against defendant Penn, DISMISSES defendant Penn, GRANTS IN PART defendant National's motion to dismiss [D.E. 30], DISMISSES WITH PREJUDICE plaintiff's Fair Credit Reporting Act, Fair Debt Collection Practices Act, willful noncompliance, and negligent noncompliance claims against defendant National, declines to exercise supplemental jurisdiction over plaintiff's state law defamation and UDTPA claims against defendant National, and DISMISSES WITHOUT PREJUDICE those claims. The clerk shall close the case.

---

[1] On May 14, 2024, Atkinson filed a letter alleging that National also committed mail fraud. See [D.E. 35] 1. Atkinson cannot use a surreply to amend his complaint. See United States ex rel. Carter v. Halliburton Co., 866 F.3d 199, 210 n.6 (4th Cir. 2017); Murray Energy Corp. v. Admin. of EPA, 861 F.3d 529, 537 n.5 (4th Cir. 2017); vonRosenberg v. Lawrence, 849 F.3d 163, 167 n.1 (4th Cir. 2017); S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC, 713 F.3d 175, 184 (4th Cir. 2013); Wahi v. Charleston Area Med. Ctr., Inc., 562 F.3d 599, 617 (4th Cir. 2009); Optima Tobacco Corp. v. U.S. Flue-Cured Tobacco Growers, Inc., No. 5:16-CV-889, 2019 WL 4858848, at *7 (E.D.N.C. Sept. 30, 2019) (unpublished); Hexion Specialty Chems., Inc. v. Oak-Bark Corp., No. 7:09-CV-105, 2011 WL 4527382, at *7–8 (E.D.N.C. Sept. 28, 2011) (unpublished). Moreover, this is a civil case, and mail fraud is a criminal charge. Accordingly, Atkinson's mail fraud allegation is not in this case.

11

SO ORDERED. This 5 day of June, 2024.

JAMES C. DEVER III
United States District Judge